IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY ALLAN MIKROBERTS #1943963,          PETITIONER, | § § § § |
| v. | § § CIVIL CASE NO. 3:17-CV-2331-C-BK |
| LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION DIV.,          RESPONDENT. | § § § § § § § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management, including making findings and a recommended disposition. Now before the Court are Petitioner Jerry Allan Mikroberts' petition for writ of habeas corpus under 28 U.S.C. § 2254, Doc. 3, *Request for an Evidentiary Hearing*, Doc. 24, and *Motion for Leave to Amend*, Doc. 25. As detailed below, Mikroberts' habeas corpus petition, request for a hearing and motion for leave should all be **DENIED**.

### I.  BACKGROUND

A jury convicted Mikroberts of aggravated sexual assault of a child and the court sentenced him to 30 years' imprisonment. *State v. Mikroberts*, No. F-1262918-T (283rd Jud. Dist. Court, Dallas Cty., Tex., Jul. 24, 2014), *aff'd*, No. 05-14-00994-CR, 2016 WL 325991 (Tex. App.—Dallas, Jan. 27, 2016, no pet). The Texas Court of Criminal Appeals subsequently

denied state habeas relief without written order. *Ex parte Mikroberts*, No. WR-87,018-02, Doc. 15-22 (Tex. Crim. App. Sep. 27, 2017).

Mikroberts subsequently filed this timely, *pro se* federal habeas petition, in which he alleges his conviction is constitutionally infirm as the result of various errors of the trial court, "no evidence" to support his conviction, and ineffective assistance of counsel. Doc. 3 at 6-7, 11-12. Respondent argues that the "no evidence" claim, construed as a sufficiency of the evidence claim, is procedurally defaulted and the others lack merit. Doc. 14. Mikroberts has filed a reply. Doc. 22.

## II. ANALYSIS

Mikroberts is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Mikroberts bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme

malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102).  Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief should not be granted.  *Richter*, 562 U.S. at 102 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original).

The deferential standard of review applies even where the state court, as here, summarily denied all claims without written order.  *See Richter*, 562 U.S. at 100 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").   Where there is no reasoned state court decision, as in this case, the court "'must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court.'" *Sexton v. Beaudreaux*, ––– U.S. –––, 138 S. Ct. 2555, 2558 (2018) (quoting *Richter*, 562 U.S. at 102).

   A. **Permitting State to Abandon Language in Indictment**

Mikroberts asserts that the trial court abused its discretion in granting the State's motion to abandon the word "penetration" in the indictment.  Doc. 3 at 6.  Although the indictment originally alleged "contact and penetration" of L.E.'s anus, the State moved immediately before the start of trial to strike the phrase "and penetration," and because defense counsel had no

objection, the court granted the motion. Doc. 15-12 at 11, 94 (Clerk's Record); Doc. 15-15 at 5 (Reporter's Record (R.R.) Vol. 3). Mikroberts now maintains that "penetration was an essential element of aggravated sexual assault of a child" and that permitting the state to abandon that element "relieve[d] the State of its heavy burden of proof." Doc. 3 at 6. His argument is unavailing.

Like the statute, the indictment alleged alternative means of committing aggravated sexual assault of a child—by contact and penetration. Tex. Pen. Code Ann. § 22.021(a)(1)(B) and (2)(B) (West 2014); *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (holding that the different subsections of Section 22.021(a)(1)(B) constitute separately actionable offenses for double jeopardy purposes). Moreover, after the State was permitted to abandon the penetration allegation, it still had the burden of proof at trial on the contact allegation. In short, the trial amendment of the indictment was of no consequence. *See Eastep v. State*, 941 S.W.2d 130, 133-34 (Tex. Crim. App. 1997) ("When a statute provides multiple means for the commission of an offense and those means are subject to the same punishment, the State may plead them conjunctively. However, the State is required to prove only one of the alleged means in order to support the conviction."), *overruled on other grounds*, *Riney v. State,* 28 S.W.3d 561 (Tex. Crim. App. 2000), and *Gollihar v. State,* 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).

Mikroberts' "no evidence" claim fares no better. Relatedly, he argues that by abandoning the "penetration" allegation in the indictment, the State admitted that it could not meet its burden of proof as to that allegation and, thus, "there was no evidence of an essential element" of the offense. Doc. 3 at 12. Again, once the State abandoned the "penetration" allegation, it was no

longer required to establish "penetration," but still had to prove "contact" with L.E.'s anus—the alternative method of committing the crime as alleged in the indictment.

On the record before this Court, the state court's implicit denial of these grounds for relief was objectively reasonable.

### B. Confrontation Clause Violation

Next, Mikroberts contends the trial court erroneously denied him the constitutional right to confront witnesses against him. Doc. 3 at 6. He avers that "the testimony by the victim and victim's mother should not have been admitted by the trial court . . . without cross-examination of the victim and mother." *Id.* While Mikroberts has failed to identify the allegedly objectionable testimony in his petition, in his reply and state habeas application, he asserted that his right to confrontation was violated when the trial court allowed Cindy Ferguson, L.E.'s grandmother, to testify following a *Sub Rosa Examination* about L.E.'s outcry statements—effectively denying him the right to cross-examine L.E. *See* Doc. 22 at 8-9; Doc. 15-25 at 52-53; *see also* Doc. 15-16 at 5-19, 66-69 (R.R. Vol. 4).

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. However, the Confrontation Clause bars only "the admission of *testimonial* statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004) (emphasis added); *Ohio v. Clark*, ––– U.S. –––, 135 S. Ct. 2173, 2180 (2015) ("[A] statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial. Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the

Confrontation Clause."[1] (internal quotation marks and quoted case omitted)). In *Clark*, the Supreme Court held that "[s]tatements made to someone who is not principally charged with uncovering and prosecuting criminal behavior are significantly less likely to be testimonial than statements given to law enforcement officers." 135 S. Ct. at 2182. The key is "whether a statement was given with the primary purpose of creating an out-of-court substitute for trial testimony." *Id.* at 2183 (internal quotation marks omitted).

Here, L.E.'s statements to her grandmother were nontestimonial in nature. The declarations reflect the spontaneous attempt by a child-victim to inform her grandmother that her mother's boyfriend had been touching her inappropriately, not efforts to create an out-of-court substitute for trial testimony. While the grandmother asked L.E. some preliminary questions, just as in *Clark*, the primary purpose of the unprompted, informal conversation was not to "gather evidence for [Mikroberts'] prosecution," but "to protect [L.E.]." *Clark,* 135 S. Ct. at 2181. Moreover, while the Confrontation Clause prohibits "testimonial" hearsay, like "formal statement[s] to government officials," it does not forbid "casual remark[s] to an acquaintance." *Crawford,* 541 U.S. at 51. L.E.'s statements to her grandmother clearly fall into the latter category.

Their impromptu chat, later recounted by the grandmother at Mikroberts' trial, occurred while L.E. was at her grandmother's house and was clearly not the "formalized station-house questioning" that the Supreme Court has deemed problematic in previous Confrontation Clause cases. *Clark,* 135 S. Ct. at 2181-82 (holding statements of three-year-old domestic abuse victim

---

[1] Texas Code of Criminal Procedure section 38.072 governs the admission of outcry statements made by sexual assault victims under 14 years of age.

to teachers at his preschool identifying defendant, who was his mother's boyfriend, as the person who had caused his injuries were not testimonial); *see also United States v. Barker*, 820 F.3d 167 (5th Cir. 2016) (holding out-of-court statements by young child victim to sexual assault nurse examiner were non-testimonial because the primary purpose of the conversation was to medically evaluate and treat the victim and ensuring she would not be discharged into the custody of the abuser). And while L.E. was not a preschooler like the child victim in *Clark*, her relatively young age of nine years is nonetheless significant, since it makes it unlikely that when she made the statements to her grandmother, she intended them to be used as a substitute for trial testimony. *Clark*, 135 S. Ct. at 2182.

For the foregoing reasons, the state court's implicit determination—that Mikroberts' Sixth Amendment right to confront his accuser was not violated by the introduction of the victim's outcry statement to her grandmother—was neither contrary to nor an unreasonable application of federal law.[2]

### C. Denial of Motion for Mistrial

Mikroberts complains that the trial court erred in denying his motion for mistrial based on the objectionable statement of a witness. Doc. 3 at 11. He again fails to identify the ostensibly objectionable statement, and his vague assertions are clearly insufficient to raise a claim of constitutional import. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"

---

[2] Because Mikroberts cannot overcome the relitigation bar, the Court need not address his reply arguments that L.E.'s subsequent statements to the prosecutors that nothing happened "outweigh what the grandmother said in court" in light of counsel's alleged failure to obtain the criminal history of L.E.'s mother and grandmother. Doc. 22 at 9.

(quotations and quoted case omitted)); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."). In his state habeas petition, Mikroberts argued that the trial court refused to declare a mistrial after testimony was elicited in violation of the court's limine order that a report was made to Child Protective Services on the allegation that Mikroberts' had used PCP in the presence of a child (the alleged use of PCP being the offending part). Doc. 15-25 at 35, 63; *see also* Doc. 15-16 at 42 (R.R. 4)). To the extent that this is the error of which Mikroberts now complains, it was constitutionally harmless because he has not shown that it could have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1992). Indeed, although the trial court denied the request for a mistrial, it sustained counsel's objection and immediately instructed the jury to disregard the testimony. Doc. 15-16 at 42-43. *See United States v. Paul*, 142 F.3d 836, 844 (5th Cir. 1998) ("This Court has consistently held that an erroneous admission of evidence may be cured by such a limiting instruction because jurors are presumed to follow the court's instructions.").

Because Mikroberts has failed to establish that the state habeas court's implicit denial of relief on the mistrial issue was contrary to, or involved an unreasonable application of, clearly established federal law, his claim fails.

### D.  Ineffective Assistance of Counsel

Mikroberts also challenges the ineffective assistance of counsel at trial and on appeal. However, he again fails to overcome the "relitigation bar." *See Thomas v. Vannoy*, 898 F.3d 561, 566 (5th Cir. 2018) ("To overcome the relitigation bar, a petitioner must show that a state

court acted "contrary to" or engaged in an "unreasonable application of" the Supreme Court's clearly established law.").

The Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Failure to make an opening statement

Mikroberts complains that his trial counsel rendered ineffective assistance by failing to make an opening statement. Doc. 3 at 7. He avers that because his case had an "emotional effect

on the jury," counsel should have used the opening statement to "show any mitigating evidence to the jury by holding the state to its burden of proof." Doc. 3 at 7.

Counsel's decision to waive opening statement is entitled to deference as reasonable trial strategy. *Williams v. Beto*, 354 F.2d 698, 703 (5th Cir. 1965) (finding the decision not to present opening statement was a "matter of professional judgment" because the case against the defendant was strong). Moreover, the *Strickland* standard is highly deferential to trial counsel's strategic choices. As such, even if counsel's decision could be deemed deficient, Mikroberts has failed to articulate how the absence of an opening statement resulted in any real prejudice. *See Nguyen v. Reynolds*, 131 F.3d 1340, 1350 (10th Cir. 1997) ("[d]efense counsel's failure to make an opening statement was nothing more than a tactical decision that did not adversely affect [the defendant]"). Mikroberts merely argues that counsel's failure "sabotaged [his] defense." Doc. 22 at 9. Considering that an opening statement is not evidence, with nothing more, Mikroberts has wholly failed to demonstrate a valid claim for ineffective assistance of counsel on this ground.

**2. Failure to object to State abandoning language in indictment and jury charge**

Mikroberts alleges trial counsel was ineffective by failing to object to the jury charge and to "the State's motion to abandon the essential element of the use of the word 'penetration' in the jury charge." Doc. 3 at 11. As discussed in detail *supra*, the State's abandonment of the phrase "and penetration" in the indictment before the start of trial was proper. Thus, Mikroberts' claim is meritless. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").

### 3. Failure to raise claims on direct appeal

Mikroberts maintains appellate counsel rendered ineffective assistance by failing to raise claims regarding (1) the denial of his right to confront witnesses and (2) unidentified objections made by trial counsel. Doc. 3 at 7. He has not shown, however, that counsel's performance was deficient or that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel).

Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). It is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752; *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (counsel is obligated only to raise and brief those issues that are believed to have the best chance of success).

As discussed *supra*, Mikroberts' confrontation-clause argument wholly lacks merit. Consequently, appellate counsel was not ineffective for failing to raise the issue on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990))). Moreover, as Mikroberts has not identified the trial objections he contends appellate counsel should have raised, he necessarily has failed to demonstrate that they were clearly stronger than the sufficiency-of-the-evidence issue counsel did pursue on direct appeal. *See Smith*, 528 U.S. at 288 ("[g]enerally,

only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (cited case omitted)).

On this record, the state court's implicit rejection of Mikroberts' claims of ineffective assistance of counsel was neither contrary to nor an unreasonable application of clearly established federal law, specifically the standards set forth in *Strickland*. Thus, the ineffective assistance of counsel claims Mikroberts raises here must also fail.

### III. EVIDENTIARY HEARING

Mikroberts requests an evidentiary hearing to present new supporting evidence. Doc. 24 at 2-6. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition only alleges claims under section 2254(d)(1) that were adjudicated on the merits in state court. Mikroberts cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court; thus, he is not entitled to an evidentiary hearing.

### IV. LEAVE TO AMEND

On October 9, 2018, more than eight months after Respondent filed her answer, Mikroberts submitted his *Motion for Leave to Amend 28 U.S.C. § 2254* along with a proposed amended petition, a brief in support, and more than 50 pages of exhibits. Doc. 25. Because more than 21 days elapsed since the filing of Respondent's responsive brief, Mikroberts "may amend [his] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). As mentioned previously herein, Respondent prospectively opposes any

request to amend and/or supplement the habeas petition. Doc. 14 at 2. Although the Court should freely give leave when justice requires," FED. R. CIV. P. 15(a)(2), justice does not require the grant of leave to amend in this instance.

     First, in his motion and supporting brief, Mikroberts seeks to raise new arguments and claims. Specifically, he complains of *Brady* violations and asserts additional claims of ineffective assistance of counsel for failing to investigate L.E.'s mother and grandmother, while also arguing for the first time that the victim changed her outcry statement and that the victim and her relatives conspired against him because he lacked financial wherewithal. Doc. 22 at 2-4. However, because the one-year statute of limitations expired in December 2017, *see* 28 U.S.C. § 2244(d)(1), Mikroberts' newly raised claims and arguments are untimely since they do not relate back to his prior claims. See FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664, 650 (2005) (concluding that only claims "tied to a common core of operative facts" as the claims in the original petition will relate back and that "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and, thus, is time barred); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."). Nevertheless, since Mikroberts asserted many of the same new arguments in his reply, the Court took them into account when considering the claims he initially pled. Doc. 22.

## V.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED**, January 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).